# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

BRENT RUSSCHER,
JAMIE RUSSCHER, and
HOLLAND COMMUNITY
HOSPITAL, a non-profit
organization,

        Plaintiffs,

v.

OUTDOOR UNDERWRITERS, INC, a
foreign corporation,

        Defendant.

Civil Action No.:

HON.

---

Drew R. Massé (#0006665)
GALLON, TAKACS, BOISSONEAULT
& SCHAFFER CO., L.P.A.
Attorneys for Plaintiffs
3516 Granite Circle
Toledo, OH 43617
(419) 843-2001
piattys@gallonlaw.com

Carole D. Bos (P33638)
Bradley K. Glazier (P35523)
BOS & GLAZIER, P.L.C.
Attorneys for Plaintiffs
990 Monroe Avenue N.W.
Grand Rapids, MI 49503
(616) 458-6814
cbos@bosglazier.com
bglazier@bosglazier.com

Jonathon L. Beck (#0076709)
Christine N. Farmer (#0093824)
YOUNG & ALEXANDER CO., L.P.A.
Attorneys for Plaintiff-Holland Community Hospital
130 W. Second Street, Ste. 1500
Dayton, OH 45402
(937) 224-9291
jbeck@yandalaw.com

---

## **PLAINTIFFS' SUPPLEMENTAL COMPLAINT FOLLOWING JUDGMENT**

00131534.WPD

Plaintiffs and Judgment Creditors, Brent Russcher and Jamie Russcher, and Holland Community Hospital, by their attorneys, and pursuant to Ohio Revised Code § 3929.06, state the following as their Supplemental Complaint following Judgment against defendants Mark Thompson, et al., the insureds of defendant, Outdoor Underwriters, Inc:

## JURISDICTION AND VENUE

1.  This is an action brought for the injuries sustained by plaintiff Brent Russcher, in a serious fall from a tree stand that occurred in Vinton County, Ohio.

2.  In addition to the provisions of Ohio Revised Code § 3929.06, this Court has jurisdiction pursuant to the diversity of citizenship statute, 28 U.S.C. §1332. Plaintiffs Brent Russcher and Jamie Russcher are citizens of the State of Michigan. Plaintiff Holland Community Hospital ("Holland Hospital") is a non-profit organization located in Holland, Michigan. Defendant Outdoor Underwriters, Inc. ("Outdoor Underwriters") is a foreign corporation engaged in the insurance business, and was, at all relevant times, licensed to conduct insurance business in Ohio. Outdoor Underwriters has its principal place of business at 140 Stoneridge Drive, Suite 230, Columbia, South Carolina.

3.  This Court also has jurisdiction pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367, because all claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4.  The amount in controversy exceeds this Court's diversity jurisdictional limit of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

## General Allegations

5. Plaintiffs Brent Russcher and Jamie Russcher are husband and wife and reside in Hamilton, Michigan. The Russchers were plaintiffs in the matter of *Brent Russcher, et al. v. Mark Thompson, et al.*, Civil Action 2:14-cv-00002, that was filed in the United States District Court for the Southern District of Ohio ("Russcher Action").

6. Plaintiff Holland Community Hospital ("Holland Hospital") is a non-profit organization located in Holland, Michigan. Holland Hospital was a cross-claimant in the Russcher Action.

7. The plaintiffs sought and received a judgment against Mark Thompson in the above-referenced Russcher action on November 13, 2017. (ECF #107). The judgment followed an order issued by the Court on November 8, 2017 (ECF #106), awarding Brent Russcher the sum of $1,708,300.19 in compensatory economic damages and $350,000.00 in compensatory non-economic damages. The Court further awarded Jamie Russcher $150,000.00 in compensatory non-economic damages and awarded Holland Hospital the sum of $135,740.32 on its subrogation claim. (*Id.*, PageID.1697).

8. Mark Thompson, at all times pertinent to this complaint, resided at and operated a hunting club business at 27684 State Route 328, New Plymouth, Ohio, 49654.

9. Mark Thompson was the owner and operator of a sole proprietorship business that was known as and did business as both Ohio Whitetail Adventures and Mark and Tommy Hunt Club.

10. Mark Thompson leased 289.77 acres of land for hunting from Scioto Land Company, LLC, through a "Hunting Licence" for the period beginning on July 1, 2011 and ending on June 30, 2012. (Exhibit 1, p. 1).

11. As a licensee, Mark Thompson, along with his "agents, servants, employees, members and guests" were granted the right to hunt and fish on the leased property.

12. Scioto Land Company, LLC was required, at the cost and expense of Mark Thompson, to "maintain a liability insurance policy specifically applicable to the Premises insuring Licensor and Licensee as their respective interest may appear." (Exhibit 1, ¶ 7). The policy or policies were to "contain limits on no less than One Million Dollars ($1,000,000.00) for bodily injury and/or property damage per occurrence."

13. Defendant Outdoor Underwriters, Inc. ("Outdoor Underwriters") is a foreign corporation engaged in the insurance business, and was, at all relevant times, licensed to conduct insurance business in Ohio. Outdoor Underwriters has its principal place of business at 140 Stoneridge Drive, Suite 230, Columbia, South Carolina.

14. Outdoor Underwriters insured "Quality Deer Management Association Landowner and Hunt Clubs" ("Quality Deer Management") and Mark Thompson under a comprehensive general liability policy of insurance (Policy No. 02HU11B0050), that included endorsements for "Owners', Landlord' and Tenants' Liability Insurance" for the period beginning on December 9, 2011 and ending August 1, 2012. (Exhibit 2, p. 00052, 00057).

15. Thompson and Ohio White Tail Adventures were both identified as an insured "hunt club" under the Quality Deer Management policy. (Exhibit 2, p. 00052).

16. The policy provided One Million Dollars ($1,000,000.00) in liability coverage for a bodily injury that occurred on the property leased by Scioto Land Company, LLC to Mark Thompson. (Exhibit 2, p. 00052, 00058).

17. On January 12, 2012, during the period of coverage provided by the Quality Deer Management policy, plaintiff Brent Russcher was severely injured when he fell from a tree stand. At the time of injuries, Brent Russcher was a "member" or "guest" of Mark Thompson and was hunting with Thompson's permission on property located in Vinton County, Ohio which had been leased by Scioto Land Company, LLC to Thompson. The property is identified in Exhibit A to the Hunting License issued to Mark Thompson by the Scioto Land Company, LLC. (Exhibit 1, Exhibit A).

18. As further described in the First Amended Complaint filed against Mark Thompson in this action, Thompson failed to install basic safety equipment for users of the tree stand. (First Amended Complaint, ECF #35, ¶ 13-15).

19. The Quality Deer Management policy required Outdoor Underwriters to defend Mark Thompson in any lawsuit related to an occurrence of a bodily injury on the property leased by Scioto Land Company, LLC. The Quality Deer Management policy also required Outdoor Underwriters to indemnify Mark Thompson for any liability he incurred due to a bodily injury that occurred at the leased property. (Exhibit 2, p. 00058).

20. Outdoor Underwriters also insured RMK Timberlands Group ("RMK") under a different comprehensive general liability policy of insurance (Policy No. 02HU11B0068) (Exhibit 3). The policy period ran from July 1, 2011 to July 1, 2012. (*Id*.).

21. The RMK policy was amended to include, as a named insured, "Scioto Land Company and Mid Continent Timberland Fund ... as Licensor and its Hunting Clubs as Licensees." (Exhibit 3, p. 6). The policy provided an additional One Million Dollars ($1,000,000.00) in coverage per occurrence for bodily injuries on the property leased by Scioto Land Company, LLC to Mark Thompson.

22. On December 16, 2011, Mark Thompson received a "letter as receipt for [his] 2011 hunting license payment" and a copy of a "2011-2012 Executed Hunting License for Scioto Land Company, LLC Tract #10890, along with [his] insurance card with policy number and contact information. (Exhibit 4).

23. Brent Russcher's January 12, 2012 injuries described above triggered coverage under both of the hunt club polices referenced above.

24. Brent Russcher suffered a spinal fracture that required intensive surgery and the fusion of five vertebrae, T-7 through T-11.

25. The fracture occurred as a result of Thompson's negligence and gross negligence.

26. Thompson notified Outdoor Underwriters of Brent Russcher's injuries and that the injuries occurred on the property Thompson leased from Scioto Land Company, LLC and used as part of his hunting club.

27. Russcher's counsel also notified Attorney Jeffrey Griffith, who represented Mark Thompson, of the claim.

28. Griffith provided notice of the claim to Barbara Barrett at CJW & Associates, a claim management company that represented Outdoor Underwriters.

29. On or about September 11, 2013, Barrett acknowledged receiving notice of the Russcher claim on August 27, 2013. (Exhibit 5).

30. On October 28, 2013, Barrett sent correspondence to plaintiffs' counsel falsely asserting that the injury did not occur on land covered by Thompson's policy. (Exhibit 6).

31. Barrett did acknowledge that the injury occurred "on land owned by Scioto Land Company and leased through F&W Forestry Services to Mark Thompson." (*Id*.). But Barrett inexplicably asserted "there is no coverage for Mark Thompson/Ohio Whitetail." (Exhibit 7).

32. On January 3, 2014, plaintiffs filed their Complaint for damages against Mark Thompson in the United States District Court, Southern District of Ohio, Eastern Division. (ECF #1).

33. The complaint alleged negligence and gross negligence on the part of Mark Thompson and his hunt club business.

34. Jamie Russcher, Brent Russcher's wife, also brought a claim for loss of consortium in connection with her husband's injuries.

35. Defendant Outdoor Underwriters ignored the complaint filed by plaintiffs and thereby breached its contractual obligation to provide a defense to Mark Thompson for the claims raised in Russchers' complaint.

36. Instead of defending the claims raised against Thompson, with or without a reservation of its rights, Outdoor Underwriters attempted to avoid its defense and indemnity obligations through acts that are unlawful under Ohio law.

37. On or about February 26, 2014, without notice to the Russchers or their counsel, Outdoor Underwriters presented a document titled "Policy Release" to Mark Thompson. (Exhibit 8). The Policy Release sent by Outdoor Underwriters purports to "compromise any and all issues relating to coverage under Policy 1 and Policy 2 for the claims asserted against Ohio Whitetail in the [Russcher] lawsuit." (*Id.*, p. 2). In exchange for a payment of $10,000 to Thompson, the Policy Release attempts to extinguish the Russchers' rights to collect against Outdoor Underwriters under the policies it issued to Thompson. (*Id.*).

38. On May 8, 2014, Mark Thompson filed a bankruptcy petition.

39. On September 19, 2014, the Court issued an Order lifting the bankruptcy stay, and allowing this action to proceed against Thompson for any insurance that may provide coverage. (ECF #22).

40. On December 30, 2015, Mark Thompson stipulated to his liability for the injuries of Brent and Jamie Russcher. (ECF #73).

41. This Court ordered briefing on the issue of damages following Thompson's stipulation to liability. (ECF #90).

42. On November 8, 2017, this Court issued an order finding in favor of Brent Russcher and Jamie Russcher, and against Mark Thompson, et al., pursuant to the stipulation of liability, and awarded the sum of $2,334,040.51 to the Russcher plaintiffs, plus post-judgment interest. (ECF #106).  The order includes damages in the amount of $135,740.32, plus post-judgment interest, to plaintiff Holland Hospital. (*Id.*).

43. On November 13, 2017, the Court entered a Judgment on the November 8, 2017 Order. At least 30 days have passed since the entry of the Judgment. During this 30-day period, Outdoor Underwriters "has not paid the [Russchers or Holland Hospital] an amount equal to the remaining limit of liability coverage provided in [its] policy [of insurance with Thompson]." *See*, Ohio Rev. Code § 3929.06(A)(2).

44. The Policy Release attached as Exhibit 8 and executed by Thompson for the benefit of Outdoor Underwriters is invalid and unenforceable as a matter of Ohio law. *See*, Ohio Rev. Code § 3929.05 ("No such contract of insurance shall be canceled or annulled by any agreement between the insurance company and the assured after said assured has become responsible for such loss, damage, or death, and any such cancellation or annulment is void.") *See also, McPhillips v. Travelers Indemn*. Co., 2009 Ohio 1262, 2009 WL 713021, ¶ 19-22 (March 19, 2009)(Exhibit 9)("Where a third party sustains bodily injury or death in an accident caused by the insured, it has been recognized that the rights of the injured party arise immediately upon the happening of the accident and that the injured party's rights cannot be destroyed by an attempted subsequent cancellation, release, or compromise by the insured and insurer.").

**COUNT I**
**Judgment Creditor Relief Pursuant to O.R.C. 3929.06**

45. Plaintiffs incorporate by reference paragraphs 1 through 44 as fully set forth herein.

46. Defendant Outdoor Underwriters provided liability coverage to Mark Thompson for the action filed against him by plaintiffs Brent and Jamie Russcher which included the obligation to indemnify Mark Thompson for any judgment or order for

compensation issued by this Court.

47. The two policies of insurance issued by defendant Outdoor Underwriters provided a total of Two Million Dollars ($2,000,000.00) of liability coverage to Mark Thompson.

48. This Court issued a judgment in favor of the plaintiffs Brent and Jamie Russcher and against Mark Thompson in the total amount of $2,334,040.51, of which the sum of $135,740.32 is payable to plaintiff Holland Hospital.

49. Defendant Outdoor Underwriters has failed to pay the plaintiffs the sum of $2,000,000.00, which is that portion of the Judgment that is within the policy limits of the two policies of insurance issued to Mark Thompson by Outdoor Underwriters.

50. Pursuant Ohio Rev. Code § 3929.06, plaintiffs file this direct action as judgment creditors of Mark Thompson seeking recovery of that portion of the judgment ($2,000,000) covered by insurance provided to Mark Thompson by defendant Outdoor Underwriters.

51. Ohio Underwriters has not paid the plaintiffs the amount of the insurance coverage or any amount within thirty days after the entry of the November 13, 2017 Judgment.

52. Plaintiffs' action is, therefore, timely as provided in Oho Rev. Code § 3929.06(A)(2).

WHEREFORE, plaintiffs respectfully request that this court enter a judgment in their favor against defendant Outdoor Underwriters, Inc. in an amount equal to $2,000,000, and award such other relief which the court deems reasonable and appropriate, including post-judgment interest and attorney fees.

                                      GALLON, TAKACS, BOISSONEAULT &
SCHAFFER CO., L.P.A.
Attorneys for Russcher Plaintiffs

Date: December 14, 2017        By:  */s/ Drew R. Massé*
                                                    Drew R. Masse (#0006665)

                                      BUSINESS ADDRESS:
                                          3516 Granite Circle
                                          Toledo, OH 43617
                                          (419) 843-2001


                                    BOS & GLAZIER, P.L.C.
                                    Attorneys for Russcher Plaintiffs

Date: December 14, 2017        By:  */s/ Carole D. Bos*
                                                    Carole D. Bos (P33638)
                                                    Bradley K. Glazier (P35523)

                                      BUSINESS ADDRESS:
                                          990 Monroe Avenue N.W.
                                          Grand Rapids, MI 49503
                                          (616) 458-6814


                                    YOUNG & ALEXANDER CO., L.P.A.
                                    Attorneys for Plaintiff Holland
                                    Community Hospital

Date: December 14, 2017        By:  */s/ Jonathon L. Beck*
                                                    Jonathon L. Beck (#0076709)
                                                    Christine N. Farmer (#0093824)

                                      BUSINESS ADDRESS:
                                          130 W. Second St.
                                          Suite 1500
                                          Dayton, OH  45402
                                          (937) 224-9291